UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

WILLIAM STRICKLAND, Individually
And for Others Similarly Situated,

        Plaintiff,                                  Case No. 2:23-cv-00676

v.                                           FLSA Collective Action
                                                   Pursuant to 29 U.S.C. § 216(b)

CHARLESTON AREA MEDICAL
CENTER, INC.

        Defendant.

DEFENDANT CHARLESTON AREA MEDICAL
CENTER, INC.'S ANSWER AND AFFIRMATIVE AND OTHER
<u>DEFENSES TO FIRST AMENDED COLLECTIVE ACTION COMPLAINT</u>

Defendant Charleston Area Medical Center, Inc. ("CAMC"), by counsel, hereby answers the First Amended Collective Action Complaint ("Amended Complaint") filed by William Strickland ("Strickland") on behalf of himself and all others allegedly similarly situated as follows:

### INTRODUCTION

1.      CAMC admits the allegations set forth in Paragraph 1 of the Amended Complaint only to the extent that Strickland is bringing a collective action to recover allegedly unpaid wages from CAMC but denies any liability thereto and further denies all other allegations set forth in Paragraph 1 of the Amended Complaint.

2.      CAMC admits the allegations set forth in Paragraph 2 of the Amended Complaint.

3.      CAMC denies the allegation set forth in Paragraph 3 of the Amended Complaint.

4.      CAMC denies the allegation set forth in Paragraph 4 of the Amended Complaint.

5.      CAMC denies the allegation set forth in Paragraph 5 of the Amended Complaint.

6.      CAMC denies the allegation set forth in Paragraph 6 of the Amended Complaint.

7.    CAMC denies the allegation set forth in Paragraph 7 of the Amended Complaint.

8.    CAMC denies the allegation set forth in Paragraph 8 of the Amended Complaint.

9.    CAMC denies the allegation set forth in Paragraph 9 of the Amended Complaint.

## JURISDICTION & VENUE

10.    CAMC does not contest the jurisdiction of this Court.

11.    CAMC does not contest the jurisdiction of this Court.

12.    CAMC does not contest that venue is proper for this Court.

## PARTIES

13.    CAMC admits the allegations set forth in Paragraph 13 of the Amended Complaint.

14.    CAMC admits the allegations set forth in Paragraph 14 of the Amended Complaint.

15.    CAMC denies the allegation set forth in Paragraph 15 of the Amended Complaint.

16.    CAMC denies the allegation set forth in Paragraph 16 of the Amended Complaint.

17.    CAMC admits the allegations set forth in Paragraph 17 of the Amended Complaint only to the extent that Strickland is bringing this action on behalf of himself and other allegedly similarly situated hourly, non-exempt CAMC employees.  CAMC denies any liability thereto and denies all other allegations set forth in Paragraph 17 of the Amended Complaint.

18.    CAMC admits the allegations set forth in Paragraph 18 of the Amended Complaint only to the extent that CAMC requires its employees to clock out when they take a meal break so long as they are not performing services for CAMC.  CAMC denies all other allegations set forth in Paragraph 18 of the Amended Complaint.

19.    CAMC denies the allegation set forth in Paragraph 19 of the Amended Complaint.

20.    CAMC denies the allegation set forth in Paragraph 20 of the Amended Complaint.

21.    CAMC denies the allegation set forth in Paragraph 21 of the Amended Complaint

as the definition set forth for putative collective members is impossibly vague.

22.    CAMC admits the allegations set forth in Paragraph 22 of the Amended Complaint.

23.    CAMC admits that Ms. Hill is its registered agent and has an office at 501 Morris Street, Charleston, West Virginia 25301.  CAMC denies all other allegations set forth in Paragraph 23 of the Amended Complaint.

## COVERAGE UNDER THE FLSA

24.    CAMC admits the allegations set forth in Paragraph 24 of the Amended Complaint.

25.    CAMC admits the allegations set forth in Paragraph 25 of the Amended Complaint.

26.    CAMC admits the allegations set forth in Paragraph 26 of the Amended Complaint.

27.    CAMC admits the allegations set forth in Paragraph 27 of the Amended Complaint.

28.    CAMC denies the allegation set forth in Paragraph 28 of the Amended Complaint because the definition of putative collective member is impossibly vague.

29.    CAMC admits the allegations set forth in Paragraph 29 of the Amended Complaint only to the extent that Strickland and all of the Putative Collective Members were engaged in commerce.  CAMC denies all other allegations set forth in Paragraph 29 of the Amended Complaint.

30.    CAMC denies the allegation set forth in Paragraph 30 of the Amended Complaint.

31.    CAMC denies the allegation set forth in Paragraph 31 of the Amended Complaint.

32.    CAMC denies the allegation set forth in Paragraph 32 of the Amended Complaint.

## FACTS

33.    CAMC admits the allegations set forth in Paragraph 33 of the Amended Complaint.

34.    CAMC admits the allegations set forth in Paragraph 34 of the Amended Complaint only to the extent that it hires employees to work at its facilities and these individuals are often

engaged in patient case.  CAMC denies all other allegations set forth in Paragraph 34 of the Amended Complaint.

35.    CAMC admits the allegations set forth in Paragraph 35 of the Amended Complaint only to the extent that it has unexempt hourly employees who engage in patient care.  CAMC denies all other allegations set forth in Paragraph 35 of the Amended Complaint.

36.    CAMC denies the allegation set forth in Paragraph 36 of the Amended Complaint.

37.    CAMC admits the allegations set forth in Paragraph 37 of the Amended Complaint.

38.    CAMC admits the allegations set forth in Paragraph 38 of the Amended Complaint.

39.    CAMC admits the allegations set forth in Paragraph 39 of the Amended Complaint.

40.    CAMC admits the allegations set forth in Paragraph 40 of the Amended Complaint only to the extent that Strickland was entitled to a 30 minute meal break per day in which he was relieved of all duties.  CAMC denies all other allegations set forth in Paragraph 40 of the Amended Complaint.

41.    CAMC denies the allegation set forth in Paragraph 41 of the Amended Complaint.

42.    CAMC admits the allegations set forth in Paragraph 42 of the Amended Complaint only to the extent that Strickland and all of its employees work under CAMC's supervision. CAMC denies all other allegation set forth in Paragraph 42 of the Amended Complaint.

43.    CAMC admits the allegations set forth in Paragraph 43 of the Amended Complaint only to the extent that Strickland and all CAMC employees are subject to common policies in the performance of their jobs.  CAMC denies all other allegations set forth in Paragraph 43 of the Amended Complaint.

44.    CAMC admits the allegations set forth in Paragraph 44 of the Amended Complaint only to the extent that Strickland and all CAMC employees are paid wages by CAMC pursuant to

CAMC's payroll system.  CAMC denies all other allegations set forth in Paragraph 44 of the Amended Complaint.

45.    CAMC admits the allegations set forth in Paragraph 45 of the Amended Complaint only to the extent that Strickland and all CAMC employees record their hours using CAMC's timeclock system.  CAMC denies all other allegations set forth in Paragraph 45 of the Amended Complaint.

46.    CAMC denies the allegation set forth in Paragraph 46 of the Amended Complaint.

47.    CAMC denies the allegation set forth in Paragraph 47 of the Amended Complaint.

48.    CAMC admits the allegations set forth in Paragraph 48 of the Amended Complaint only to the extent that CAMC requires Strickland and all of its employees to clock out for their meal periods when they are relieved of their duties.  CAMC denies all other allegations set forth in Paragraph 48 of the Amended Complaint.

49.    CAMC admits the allegations set forth in Paragraph 49 of the Amended Complaint only to the extent that CAMC assumes Strickland and all of its employees understand and are compliant with CAMC's timekeeping policies.  CAMC denies all other allegations set forth in Paragraph 49 of the Amended Complaint.

50.    CAMC denies the allegation set forth in Paragraph 50 of the Amended Complaint.

51.    CAMC denies the allegation set forth in Paragraph 51 of the Amended Complaint.

52.    CAMC denies the allegation set forth in Paragraph 52 of the Amended Complaint.

53.    CAMC denies the allegation set forth in Paragraph 53 of the Amended Complaint.

54.    CAMC denies the allegation set forth in Paragraph 54 of the Amended Complaint.

55.    CAMC denies the allegation set forth in Paragraph 55 of the Amended Complaint.

56.    CAMC denies the allegation set forth in Paragraph 56 of the Amended Complaint.

57.    CAMC denies the allegation set forth in Paragraph 57 of the Amended Complaint.

58.    CAMC denies the allegation set forth in Paragraph 58 of the Amended Complaint.

59.    CAMC denies the allegation set forth in Paragraph 59 of the Amended Complaint.

60.    CAMC denies the allegation set forth in Paragraph 60 of the Amended Complaint.

61.    CAMC denies the allegation set forth in Paragraph 61 of the Amended Complaint.

62.    CAMC denies the allegation set forth in Paragraph 62 of the Amended Complaint.

63.    CAMC denies the allegation set forth in Paragraph 63 of the Amended Complaint.

64.    CAMC denies the allegation set forth in Paragraph 64 of the Amended Complaint.

65.    CAMC denies the allegation set forth in Paragraph 65 of the Amended Complaint.

66.    CAMC denies the allegation set forth in Paragraph 66 of the Amended Complaint.

67.    CAMC denies the allegation set forth in Paragraph 67 of the Amended Complaint.

68.    CAMC denies the allegation set forth in Paragraph 68 of the Amended Complaint.

69.    CAMC denies the allegation set forth in Paragraph 69 of the Amended Complaint.

## COLLECTIVE ACTION ALLEGATIONS

70.    CAMC incorporates its responses to Paragraphs 1 through 69 of the Amended Complaint by reference.

71.    CAMC admits the allegations set forth in Paragraph 71 of the Amended Complaint only to the extent that Strickland is bringing a collective action.  CAMC denies all other allegations set forth in Paragraph 71 of the Amended Complaint.

72.    CAMC denies the allegation set forth in Paragraph 72 of the Amended Complaint.

73.    CAMC denies the allegation set forth in Paragraph 73 of the Amended Complaint.

74.    CAMC denies the allegation set forth in Paragraph 74 of the Amended Complaint.

75.    CAMC denies the allegation set forth in Paragraph 75 of the Amended Complaint.

76.    CAMC admits the allegations set forth in Paragraph 76 of the Amended Complaint only to the extent that its hourly employees are entitled to overtime compensation in accordance with the Fair Labor Standards Act.  CAMC denies all other allegations set forth in Paragraph 76 of the Amended Complaint.

77.    CAMC denies the allegation set forth in Paragraph 77 of the Amended Complaint.

78.    CAMC denies the allegation set forth in Paragraph 78 of the Amended Complaint.

79.    CAMC denies the allegation set forth in Paragraph 79 of the Amended Complaint.

80.    CAMC admits the allegations set forth in Paragraph 80 of the Amended Complaint only to the extent that CAMC's records will reflect the number of hours any employee recorded that they worked each week.  CAMC denies all other allegations set forth in Paragraph 80 of the Amended Complaint.

81.    CAMC admits the allegations set forth in Paragraph 81 of the Amended Complaint only to the extent that CAMC's records show when any employee clocked in or out.  CAMC denies all other allegations set forth in Paragraph 81 of the Amended Complaint.

82.    CAMC denies the allegation set forth in Paragraph 82 of the Amended Complaint.

83.    CAMC denies the allegation set forth in Paragraph 83 of the Amended Complaint.

84.    CAMC denies the allegation set forth in Paragraph 84 of the Amended Complaint.

85.    CAMC denies the allegation set forth in Paragraph 85 of the Amended Complaint.

86.    CAMC denies the allegation set forth in Paragraph 86 of the Amended Complaint.

87.    CAMC denies the allegation set forth in Paragraph 87 of the Amended Complaint.

88.    CAMC denies the allegation set forth in Paragraph 88 of the Amended Complaint.

89.    CAMC denies the allegation set forth in Paragraph 89 of the Amended Complaint.

90.    CAMC denies the allegation set forth in Paragraph 90 of the Amended Complaint.

91. CAMC denies the allegation set forth in Paragraph 91 of the Amended Complaint.

92. CAMC denies the allegation set forth in Paragraph 92 of the Amended Complaint.

93. CAMC denies the allegation set forth in Paragraph 93 of the Amended Complaint.

94. CAMC denies the allegation set forth in Paragraph 94 of the Amended Complaint.

95. CAMC denies the allegation set forth in Paragraph 95 of the Amended Complaint.

96. CAMC denies the allegation set forth in Paragraph 96 of the Amended Complaint.

97. CAMC denies the allegation set forth in Paragraph 97 of the Amended Complaint.

## CAMC'S FLSA ALLEGED FLSA VIOLATIONS WERE WILLFUL AND/OR DONE IN RECKLESS DISREGARD OF THE FLSA

98. CAMC incorporates its responses to Paragraphs 1 through 97 of the Amended Complaint by reference.

99. CAMC admits the allegations set forth in Paragraph 99 of the Amended Complaint.

100. CAMC admits the allegations set forth in Paragraph 100 of the Amended Complaint only to the extent that it was required to pay non-exempt employees overtime wages at a rate of at least 1.5 times the regular rates of pay for all hours worked after 40 in a work week. CAMC denies all other allegations set forth in Paragraph 100 of the Amended Complaint.

101. CAMC denies the allegation set forth in Paragraph 101 of the Amended Complaint because the term putative collective members is impossibly vague.

102. CAMC denies the allegation set forth in Paragraph 102 of the Amended Complaint because the term putative collective members is impossibly vague.

103. CAMC denies the allegation set forth in Paragraph 103 of the Amended Complaint.

104. CAMC denies the allegation set forth in Paragraph 104 of the Amended Complaint.

105. CAMC denies the allegation set forth in Paragraph 105 of the Amended Complaint.

106. CAMC denies the allegation set forth in Paragraph 106 of the Amended Complaint.

107.    CAMC denies the allegation set forth in Paragraph 107 of the Amended Complaint.

108.    CAMC denies the allegation set forth in Paragraph 108 of the Amended Complaint.

109.    CAMC denies the allegation set forth in Paragraph 109 of the Amended Complaint.

110.    CAMC denies the allegation set forth in Paragraph 110 of the Amended Complaint.

111.    CAMC denies the allegation set forth in Paragraph 111 of the Amended Complaint.

112.    CAMC denies the allegation set forth in Paragraph 112 of the Amended Complaint.

113.    CAMC denies the allegation set forth in Paragraph 113 of the Amended Complaint.

114.    CAMC denies the allegation set forth in Paragraph 114 of the Amended Complaint.

115.    CAMC denies the allegation set forth in Paragraph 115 of the Amended Complaint.

116.    CAMC denies the allegation set forth in Paragraph 116 of the Amended Complaint.

117.    CAMC denies the allegation set forth in Paragraph 117 of the Amended Complaint.

118.    CAMC denies the allegation set forth in Paragraph 118 of the Amended Complaint.

119.    CAMC admits the allegations set forth in Paragraph 119 of the Amended Complaint only to the extent that it was improperly sued in the *Jarrell* matter cited and that it has taken action to record meal breaks properly.  CAMC denies any liability pursuant to the *Jarrell* matter and denies all other allegations not specifically admitted herein.

## **CAUSE OF ACTION**

### **Failure to Pay Overtime Wages Under the FLSA**

120.    CAMC incorporates its responses to Paragraphs 1 through 119 of the Amended Complaint as fully stated herein.

121.    CAMC admits that Strickland is bringing this claim pursuant to 29 U.S.C. § 216(b) but denies any liability thereto and denies all other allegations set forth in Paragraph 121 of the Amended Complaint.

122.    CAMC denies the allegation set forth in Paragraph 122 of the Amended Complaint.

123.    CAMC denies the allegation set forth in Paragraph 123 of the Amended Complaint.

124.    CAMC denies the allegation set forth in Paragraph 124 of the Amended Complaint.

## JURY DEMAND

125.    CAMC acknowledges that Strickland has demanded a jury trial to the extent that jury trial is appropriate.

## RELIEF SOUGHT

126.    CAMC denies that Strickland is entitled to any of the relief sought in his request for relief.

127.    CAMC denies any and all allegations not specifically admitted herein.

## AFFIRMATIVE AND OTHER DEFENSES

Having fully answered the allegations contained in the Amended Complaint, CAMC asserts the following affirmative and other defenses to the extent that discovery reveals the same to be appropriate:

1.    Plaintiff fails to state a claim upon which relief can be granted.

2.    At all times, CAMC acted in good faith, had a reasonable belief that they were complying with the FLSA, and acted in reliance on the written administrative regulations, practices, policies, orders, rulings, approvals, and/or interpretations of the Administrator of the Wage and Hour Division of the United States Department of Labor.

3.    CAMC did not know, or show reckless disregard for whether, their conduct or omission toward any Plaintiff or any purported collective member was prohibited by the FLSA.

4.    No Plaintiff, nor any purported collective member, is entitled to liquidated damages or attorney's fees under the FLSA. *See, e.g.*, 29 U.S.C. § 260.

5.      CAMC asserts a right of set-off for all wages paid to any Plaintiff and/or any purported collective member that was not required by the FLSA.

6.      At all times relevant, CAMC exercised reasonable care to prevent and correct promptly any allegedly improper payment of wages, and any Plaintiff (and/or any purported collective member) unreasonably failed to take advantage of preventive or corrective opportunities or to avoid or mitigate harm otherwise.

7.      Denying any violation of the FLSA, CAMC further assert that they have not committed a willful violation of the FLSA. As such, all FLSA claims in the Amended Complaint, in whole or in part, are barred by the applicable two-year statute of limitations period contained in 29 U.S.C. § 255(a).

8.      Defendants assert that Plaintiffs' attempt to bring a collective action is improper and impractical for reasons including, but not limited to, the proposed collective is overly broad and includes individuals that are in no way similarly situated to King.

9.      CAMC asserts that Strickland lacks standing to sue or pursue claims (and is not a proper collective representative) on behalf of any alleged collective member not similarly situated to him.

10.     A service or special award to any Plaintiff is improper for reasons including, but not limited to, the failure to show risk in commencing this suit, any personal difficulties encountered by acting as collective representative, significant time or effort spent pursuing litigation as collective representative, fear of workplace retaliation, or any other sufficient justification for such a special award.

11.     Denying a collective action is appropriate, CAMC states that an order conditionally certifying a collective action is premature and unsupported at this time.

12.     Denying a collective action is appropriate, CAMC states that an order authorizing the issuance of a notice is premature and unsupported at this time.

13.     Defendants reserve the right to amend their Answer and to raise additional affirmative defenses as discovery proceeds.

**WHEREFORE** Charleston Area Medical Center, Inc. respectfully prays that judgment be awarded in their favor and that Strickland take nothing; that CAMC be awarded its costs in defending this action, including attorneys' fees; and that CAMC be awarded such other and further relief in law and equity as the Court deems fair and just.

**CHARLESTON AREA MEDICAL CENTER, INC.,**
**By Counsel:**

/s/ Eric E. Kinder
Eric E. Kinder (WVSB # 8817)
Spilman Thomas & Battle, PLLC
300 Kanawha Boulevard, East (Zip 25301)
P.O. Box 273
Charleston, WV  25321-0273
Telephone: 304-340-3800
Fax: 304-340-3801
ekinder@spilmanlaw.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

**WILLIAM STRICKLAND, Individually**
**And for Others Similarly Situated,**

        **Plaintiff,**                            **Case No. 2:23-cv-00676**

**v.**                                       **FLSA Collective Action**
                                               **Pursuant to 29 U.S.C. § 216(b)**

**CHARLESTON AREA MEDICAL**
**CENTER, INC.**

        **Defendant.**

## <u>CERTIFICATE OF SERVICE</u>

       I, Eric E. Kinder, counsel for the Defendant, do hereby certify that on this 30th day of November 2023, the foregoing "**Defendant's Charleston Area Medical Center, Inc.'s Answer and Affirmative and Other Defenses to First Amended Collective Action Complaint**" was filed with the Clerk of the Court using the CM/ECF system, which will serve all parties of record:

                      Kirk R. Auvil
                      Walt Auvil
                      **THE EMPLOYMENT LAW CENTER, PLLC**
                      1208 Market Street
                      Parkersburg, West Virginia 26101
                      Phone: 304-485-3058; Fax: 304-485-63434
                      theemploymentlawcenter@gmail.com
                      auvil@theemploymentlawcenter.com
                      *Local Counsel for Plaintiff*

                      Michael A. Josephson*
                      Andrew W. Dunlap*
                      William M. Hogg*
                      **JOSEPHSON DUNLAP LLP**
                      11 Greenway Plaza, Suite 3050
                      Houston, Texas 77046
                      Phone: 713-352-1100; Fax: 713-352-3300
                      mjosephson@mybackwages.com
                      adunlap@mybackwages.com
                      whogg@mybackwages.com

Richard J. (Rex) Burch*
**BRUCKNER BURCH PLLC**
11 Greenway Plaza, Suite 3025
Houston, Texas 77046 Phone: 713-877-8788
rburch@brucknerburch.com

William C. (Clif) Alexander*
Austin W. Anderson*
**ANDERSON ALEXANDER PLLC**
101 N. Shoreline Blvd., Suite 610
Corpus Christi, Texas 78401
Phone: 361-452-1279 clif@a2xlaw.com
austin@a2xlaw.com
*Visiting attorney statements forthcoming*
***Attorneys for Strickland and the Putative Collective Members***


/s/ Eric K. Kinder
Eric E. Kinder (WV State Bar # 8817)